UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BARRY CHAPMAN,

    Plaintiff,

v.

Case No.: 3:18-cv-234-J-25JRK

JACKSONVILLE ELECTRIC
AUTHORITY

    Defendant.
_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Barry Chapman, sues Defendant, Jacksonville Electric Authority, and alleges:

1. This suit is for damages and injunctive relief under the Florida Civil Rights Act of 1992, Fla. Sta. Chapter 760 *et. seq.*, the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008, 42 U.S.C. §12101 *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.*, brought to remedy employment discrimination based on disability and/or unlawful retaliation.

## PARTIES

2. Plaintiff, Barry Chapman, is a citizen of the United States, and was employed with Defendant in Duval County, Florida.

3. Defendant, Jacksonville Electric Authority, was Plaintiff's employer.

## CONDITIONS PRECEDENT

4. Plaintiff filed a charge of discrimination, with the Equal Employment Opportunity Commission (EEOC) in a deferral state within 300 days of the challenged unlawful employment

practice. The EEOC issued a Notice of Right to Sue and Plaintiff filed this Complaint within 90 days of the receipt.

5. Plaintiff complied with all conditions precedent to the filing of this claim required by the Florida Civil Rights Act of 1992, §760.11 Florida Statutes. A timely charge of discrimination was filed with the Florida Commission on Human Relations (FCHR) within 365 days of the discriminatory acts. This action was commenced within four years of the discriminatory acts complained of by Plaintiff.

## STATEMENT OF THE FACTS

6. Plaintiff was employed as an Instrument and Controls Technician (I & C) with Defendant from November 2009 until Defendant's termination and/or constructive termination of Plaintiff's employment effective February 16, 2015.

7. Plaintiff was diagnosed with disabilities i.e. Scleroderma. His disabilities include lung problems which substantially limit one or more major life activities including, but not limited to, breathing and migraines. Plaintiff was able to perform the essential duties of the I & C Technician position.

8. Defendant was aware of his disabilities. Plaintiff informed Defendant and provided Defendant documentation regarding his medical conditions.

9. Plaintiff worked as an I & C Technician. Defendant employed approximately twelve to fifteen (12-15) I & C Technicians. Before Plaintiff informed Defendant of his disabilities, Defendant rotated these technicians to different locations and areas.

10. On or about September 2011, Plaintiff requested that he not work at the SDA location because that location contained silica dust which exacerbated his medical conditions. Defendant accommodated Plaintiff's request and assigned him to work the Turbine which

contained limited silica dust. Plaintiff worked at the Turbine from approximately September 2011 until August 2012.

11. On or about July 2012, Defendant ordered Plaintiff to a fitness for duty exam. Plaintiff provided documentation from his medical provider supporting his continued accommodation because the silica dust posed a health risk. However, Defendant's doctor claimed that Plaintiff was fit to work in all areas.

12. On or about August 2012, Defendant transferred Plaintiff to the Boiler. This location contained the worst silica dust.

13. From on or about August 2012 to November 2014, Plaintiff worked at the Boiler. Plaintiff again requested to be transferred away from the Boiler and also requested a respirator mask.

14. In 2012 and 2013, Plaintiff filed charges of discrimination with the EEOC (dual filed with the FCHR) regarding Defendant's discriminatory and retaliatory conduct.

15. Defendant refused to accommodate Plaintiff's transfer requests. It finally provided him a mask on or about May 2013. The mask was ineffective because Plaintiff was unable to communicate using the mask and was forced to remove it in order to communicate thereby exposing him to harmful silica dust.

16. On or about March 2014, Plaintiff received an annual work-related health exam. Plaintiff's medical condition had deteriorated because his lung function had significantly decreased. Plaintiff requested a transfer away from the Boiler to a location with limited exposure to silica dust because of this development.

17. Plaintiff's supervisor promised to transfer him after he trained three (3) new hires. However, Defendant did not transfer Plaintiff even though it assigned two (2) of new hires to dust free areas and locations.

18. On July 24, 2014, Plaintiff requested an accommodation and provided Defendant with additional medical support from his medical provider supporting his request for accommodations.

19. Thereafter, on or about November 2014, Defendant assigned Plaintiff to a "new position." It was in isolation making tags and Plaintiff was no longer performing the duties of an I & C Technician.

20. Plaintiff complained to Defendant. On or about December 2014, Defendant placed Plaintiff on administrative leave.

21. On January 14, 2015, Plaintiff filed charges of discrimination with the EEOC (dual filed with FCHR) regarding Defendant's continuing conduct of retaliation and harassment.

22. Thereafter, Defendant ordered Plaintiff back to work at the Boiler because Defendant claimed that the location would not exacerbate his disability.

23. On February 2, 2015, Plaintiff informed Defendant that he could not return to the Boiler location because of his disabilities and that he would have to resign in two (2) weeks unless Defendant would remedy Plaintiff's situation and/or change its decision not to accommodate Plaintiff and/or to transfer Plaintiff into other positions. Defendant refused to do so even though Defendant was able to accommodate Plaintiff. Instead, Defendant immediately accepted Plaintiff's resignation.

24. Defendant subjected Plaintiff to unlawful discrimination and retaliation when it constructively terminated Plaintiff after he requested to be transferred to a different location or

area that would not exacerbate his health condition. Plaintiff was forced to resign due to his health condition. Thus, Defendant constructively terminated Plaintiff by refusing to accommodate him.

25. Defendant claimed it was not required to transfer Plaintiff to a vacant position and/or rotate him into a position at another location because it was not consistent with Defendant's business needs or it could hinder Defendant's efficient operation.

26. Defendant's reasons for failing to accommodate Plaintiff and/or for not transferring Plaintiff into other positions were false and pretextual. Moreover, Defendant treated Plaintiff differently than others.

### COUNT I

### UNLAWFUL HANDICAP DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992, § 760.01 FLORIDA STATUTE *ET. SEQ.*

27. Plaintiff hereby restates and realleges each and every factual allegation contained in Paragraphs 1 through 26.

28. Defendant's decision to terminate and/or constructively terminate Plaintiff was based on Plaintiff's disability and/or record of such impairment and/or Defendant's having regarded him as having such impairment. Defendant's decision would not have been made but for this unlawful motivation.

29. The discrimination described above was done maliciously and in violation of Plaintiff's rights under Florida law.

30. As a result, Plaintiff has suffered damages, and has had to retain the undersigned counsel and will continue to incur fees and costs.

31. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment

5

benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense, and loss of enjoyment of life.

32. Plaintiff has retained the undersigned attorneys and has agreed to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff demands a trial by jury, and relief in the form of back pay and front pay, loss benefits, compensatory damages, damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, medical expenses, attorney's fees and costs with prejudgment interest, injunctive relief and any other such relief that Plaintiff may be entitled to under the law.

## COUNT II

### UNLAWFUL DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. §12101 *ET SEQ.*

33. Plaintiff hereby restates and realleges each and every factual allegation contained in Paragraphs 1 through 26.

34. Defendant's decision to terminate and/or constructively terminate Plaintiff was based on Plaintiff's disability and/or record of such impairment and/or Defendant's having regarded him as having such impairment. Defendant's decision would not have been made but for this unlawful motivation.

35. The discrimination described above was done maliciously and in violation of Plaintiff's rights under Federal law.

36. As a result, Plaintiff has suffered damages, and has had to retain the undersigned counsel and will continue to incur fees and costs.

37. As a direct and proximate result of the discrimination described above, Plaintiff has

suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense, and loss of enjoyment of life.

38. Plaintiff has retained the undersigned attorneys and has agreed to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff demands a trial by jury, and relief in the form of back pay and front pay, loss benefits, compensatory damages, damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, medical expenses, attorney's fees and costs with prejudgment interest, injunctive relief and any other such relief that Plaintiff may be entitled to under the law.

## COUNT III

### UNLAWFUL DISCRIMINATION BASED ON HANDICAP/DISABILITY IN VIOLATION OF THE REHABILITATION ACT, 29 U.S.C. §794 *et seq.*

39. Plaintiff hereby restates and realleges each and every allegation contained in paragraphs 1 through 3, and 6 through 26.

40. Defendant is an employer within the meaning of the Rehabilitation Act. At all material times, Defendant has been receiving federal funds such that it is bound by the prohibition of disability discrimination in the Rehabilitation Act.

41. Defendant's decision to terminate and/or constructively terminate Plaintiff was based on Plaintiff's disability and/or record of such impairment and/or Defendant's having regarded him as having such impairment. Defendant's decision would not have been made but for this unlawful motivation.

42. The discrimination described above was done maliciously and in violation of

Plaintiff's rights under Federal law.

43. As a result, Plaintiff has suffered damages, and has had to retain the undersigned counsel and will continue to incur fees and costs.

44. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense, and loss of enjoyment of life.

45. Plaintiff has retained the undersigned attorneys and has agreed to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff demands a trial by jury, and relief in the form of back pay and front pay, loss benefits, compensatory damages, damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, medical expenses, attorney's fees and costs with prejudgment interest, injunctive relief and any other such relief that Plaintiff may be entitled to under the law.

## COUNT IV

### UNLAWFUL RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992, § 760.01 FLORIDA STATUTE *ET. SEQ.*

46. Plaintiff hereby restates and realleges each and every allegation contained in paragraphs 1 through 26.

47. Defendant unlawfully retaliated against Plaintiff based upon his having made requests for reasonable accommodations and/or unlawfully retaliated against Plaintiff under the participation and opposition clauses because of his, among other things, filing charges of discrimination with the EEOC and FCHR.

48. Defendant's conduct described above constitutes a violation of the Florida Civil Rights Act.

49. Defendant's course of conduct described above was willful, malicious and with a reckless disregard of Plaintiff's rights under Florida law. As a result of said retaliation, the Plaintiff has suffered damages.

50. As a direct and proximate result of Defendant's acts, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense, and loss of enjoyment of life.

51. Plaintiff retained the undersigned attorneys and has agreed to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff demands relief in the form of back pay, front pay, loss benefits, compensatory damages, damages for future pecuniary losses, emotional paid, suffering inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losers, medical expenses, attorney's fees and costs with prejudgment interest thereon, injunctive relief and reinstatement, and any other such relief that Plaintiff may be entitled to under the law.

## COUNT V

### UNLAWFUL RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. §12101 *ET SEQ.*

52. Plaintiff hereby restates and realleges each and every allegation contained in paragraphs 1 through 26.

53. Defendant unlawfully retaliated against Plaintiff based upon his having made requests for reasonable accommodations and/or unlawfully retaliated against Plaintiff under the

participation and opposition clauses because of his, among other things, filing charges of discrimination with the Equal Employment Opportunity Commission.

54. Defendant's conduct described above constitutes a violation of the Americans with Disabilities Act.

55. Defendant's course of conduct described above was willful, malicious and with a reckless disregard of Plaintiff's rights under Federal law. As a result of said retaliation, the Plaintiff has suffered damages.

56. As a direct and proximate result of Defendant's acts, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense, and loss of enjoyment of life.

57. Plaintiff retained the undersigned attorneys and has agreed to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff demands relief in the form of back pay, front pay, loss benefits, compensatory damages, damages for future pecuniary losses, emotional paid, suffering inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losers, medical expenses, attorney's fees and costs with prejudgment interest thereon, injunctive relief and reinstatement, and any other such relief that Plaintiff may be entitled to under the law.

### COUNT VI

**UNLAWFUL RETALIATION IN VIOLATION OF
THE REHABILITATION ACT, 29 U.S.C. §794 *et seq.***

58. Plaintiff hereby restates and realleges each and every allegation contained in paragraphs 1 through 3, and 6 through 26.

59. Defendant is an employer within the meaning of the Rehabilitation Act. At all

material times, Defendant has been receiving federal funds such that it is bound by the prohibition of disability discrimination in the Rehabilitation Act.

60.     Defendant unlawfully retaliated against Plaintiff based upon his having made requests for reasonable accommodations and/or unlawfully retaliated against Plaintiff under the participation and opposition clauses because of his opposing discrimination.

61.     Defendant's conduct described above constitutes a violation of the Rehabilitation Act.

62.     Defendant's course of conduct described above was willful, malicious and with a reckless disregard of Plaintiff's rights under Federal law. As a result of said retaliation, the Plaintiff has suffered damages.

63.     As a direct and proximate result of Defendant's acts, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense, and loss of enjoyment of life.

64.     Plaintiff retained the undersigned attorneys and has agreed to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff demands relief in the form of back pay, front pay, loss benefits, compensatory damages, damages for future pecuniary losses, emotional paid, suffering inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losers, medical expenses, attorney's fees and costs with prejudgment interest thereon, injunctive relief and reinstatement, and any other such relief that Plaintiff may be entitled to under the law.

## DEMAND FOR JURY

Plaintiff hereby demands a trial by jury on all issues so triable.

                                              Respectfully submitted,

                                              MAGID & WILLIAMS, P.A.
                                              3100 University Boulevard South
                                              Suite 115
                                              Jacksonville, Florida 32216
                                              (904) 725-6161

                                              /s/ Leonard S. Magid
                                              Leonard S. Magid
                                              Florida Bar No. 0717101
                                              P. Daniel Williams
                                              Florida Bar No. 00366255
                                              Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 23 day of March, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record herein.

                                              /s/ Leonard S. Magid
                                              Attorney